UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOSHUA BELK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:06 CV 297 |
| ) | |
| GEORGE A. ROGGE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Joshua Belk, a prisoner confined at a federal prison camp at Oxford, Wisconsin, filed a motion for injunctive relief seeking to have this court set aside a state court judgment for restitution granted against him and in favor of the George Rogge Insurance Agency. This case is now before the court on Belk's amended complaint, filed under 28 U.S.C. § 1961, *et seq.*, the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), in which he alleges that defendants George Rogge and Larry Olin "engaged in common law fraud/fraudulent misrepresentation with regard to Belk's supposed mis-appropriation of funds . . .. This fraudulent action by Rogge led to Belk's conviction on eight counts of mail fraud . . .." (Am. Compl. ¶ 6.)

Pursuant to 28 U.S.C. §1915(e)(2)(B), federal courts are authorized to dismiss a claim filed *in forma pauperis* at any time if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. A claim may be dismissed for failure to state a claim "only if it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).

Belk is serving a sentence on convictions for mail fraud arising out of the events he complains of in this action. (Am. Compl. ¶ 10.) He asserts that he is innocent of those charges, and that the defendants in this case provided false evidence and testimony that led to his wrongful conviction. (Am. Compl. ¶¶ 20 - 25.) Belk seeks damages against the defendants in the amount of $1,413,512.64. (Am. Compl. at 18.)

Belk asserts that the defendants framed him, resulting in his being convicted for crimes he did not commit. But if, as here, the remedy sought in a civil complaint would require a finding or judgment that would render a conviction or sentence invalid, the plaintiff must first prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

This court may not award Belk damages from these defendants under the RICO statute without concluding that he is innocent of the charges against him and was improperly convicted of mail fraud based on evidence and testimony provided by the defendants. Accordingly, *Heck v. Humphrey* requires that Belk first obtain a finding or judgment setting aside his conviction before the court may entertain his RICO damage claims.

For the foregoing reasons, the court **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to Belk's right to re-file his claims if he is

able to have his criminal conviction set aside. It is **ORDERED** that Belk's motion to stay this case (docket #3) is **DENIED** and Belk's motion for discovery (docket #8) is **DENIED as MOOT**.

                                          **SO ORDERED.**

**ENTER:** March 20, 2007

                                        s/James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT